understood okay well if I may please the court my name is Peter Lossney I represent the appellant Kathy Cantlin in this matter if I can reserve two minutes to for rebuttal I'd appreciate that so the issue in this case your honor is whether miss Cantlin's conviction should stand when the very foundation of that conviction no longer exists I would argue that due process and fundamental fairness means that the federal conviction should have to go away that it cannot stand in light of the Montana Supreme Court decision in denying my motion for a new trial Judge Christensen relied primarily on two cases Lewis and Padilla and I want to speak about those cases because while I don't think they in fact they don't dictate what the court must do here today they certainly provide guidance there are significant differences between the convictions at issue in Lewis and Padilla and the situation we have here with miss Cantlin that can allow this court to decide this issue differently than the court might have in those two cases the first is the nature of the invalidation of the mental health commitment at issue here the second is the timing of the invalidation when it happened and the third then is the process between how you become a felon versus how you become a committed person in possession and I want to in my validation I want to start with this case the Montana mental health commitment was reversed by the Supreme Court of Montana because the district court failed completely to make any findings during the commitment hearing that's different findings you just didn't make specific findings that's correct and I think that brings up the question of why findings are important in a case like that and in my view the idea is that courts make findings so that later courts can review what the lower court did the Montana Supreme Court specifically said that the state court district court had no detailed facts no testimony no description specific to my clients condition symptoms things like that so I analogize that to a sufficiency of the evidence style appeal what difference does it make in the context of this case the statute well I think that if Lewis and Padilla had been decided under a Lewis the underlying conviction was tainted by the failure to provide counsel it was but I think that's one of the fundamental if that's a fundamental problem with any conviction I agree completely and how I might counter that your honors let's say it had been reversed on something even more fundamental maybe on actual innocence would a court like Lewis or Padilla come to the some the same decision I think that Lewis and Padilla had rather did Padilla further Padilla dealt with juvenile who was adjudicated in the right he was he was treated as an adult even though he was a minor right and they said uh-uh that was just fundamentally wrong and I think where the difference is and this cuts back to my sufficiency argument Padilla pleaded guilty to that first felony it was a 1997 cocaine charge he pleaded guilty to it and so if Congress's goal is to keep guns out of the hands of people that are dangerous that's what Lewis says over and over you know so the problem that I have you know I thought this is all very interesting when I read it I thought wow you know maybe you're right fundamental fairness dictates that this conviction ought to be then you go to Lewis and you go to to Padilla and you got a tough argument because the statutory language and in 922 G it for for possession of a felon in possession of a gun and then one who has been adjudicated as a mental defect defective they're very the language is similar is very similar I don't know why the principles of those cases wouldn't apply to this one as well and that's what I'm trying to get to your honor and you go to the statutory text you go to that I agree however I think that in Lewis and Padilla and especially Lewis they kept saying the goal of the out of the hands of people that they deem dangerous there was not much debate that Padilla committed the crime the earlier crime the felony he played guilty to it I think there's a difference here my client challenged her commitment right away in November of 2014 never admitted to that she needed committed never conceded that in any way in fact she challenged it early not post indictment she appealed right away so this is where I come back to the sufficiency argument that you know I look at this more analogous to a person that is later totally exonerated possessing rather than someone that has a constitutional invalidity to their conviction like there was in Padilla and Lewis like so that the furthermore the process of how you become a committed person differs from how you become a felony or become a felon and part of Padilla and Lewis I think looked at those prior felonies because they had much more indicia of trustworthiness Padilla pleaded guilty to his Lewis went to trial was convicted presumably by a jury I know without an attorney but again they were found guilty beyond a reasonable doubt or they admitted guilt and we have a much different question here we have someone committed on a lesser burden of proof clear and convincing evidence clear convincing but with an order not just preponderance clear and convincing correct but with an order that's completely I was Montana Supreme Court said deficient and because it lacked detailed findings right correct so is that a finding on the merits or technicality I would argue it's merits that's why I'm saying I think it's a lot like a court reversing for insufficient evidence to convict which is different in my view I mean there's what do we know we don't know anything about what the district court might have found credible what the district court may have believed what the district court didn't believe what the district court thought in terms of my clients medication needs things like that that's what the Supreme Court of Montana was so clear that when you're committing someone which is a very serious thing and the Supreme Court spelled that out too they can have calamitous effects on an individual you have to follow the statute so that later courts can review what you did and my client challenged that commitment right away this isn't like Padilla or Lewis where the defendant brings it up only after indictment Padilla brought it up during the PSR process they never challenged it in the state level until after their federal conviction or until after their federal indictment so we have a state high court here reversing the commitment which to me is a much different invalidation than we had in either Padilla or in Lewis I didn't need to correct one thing in my briefs your honor I did say that there's no right to a jury trial on one of these in Montana there is further research said that there is but again I don't know that applies here because there is a there is no indication my client was advised of that and did waive that I'm seeing I'm getting obvious you know that the end at the end at the beginning of the Montana Supreme Court's opinion they say well we're gonna remand then they get to the end of the opinion they say oh no dismissed correct which I thought was kind of surprising in it but as you read through the opinion it looks like they were just frustrated with the trial court judges who are not following the of the individual circumstances and they're trying to send a message to the trial judges look guys or people you need to do this I think you're right your honor I would also say it is written in a shot-across-the-bowl type manner that being said they remanded it and they ignored the state's request to remand it which are important factors here too I mean had the court wanted to they could have affirmed this on the implied findings that the state asked them to again this is why this case to me is more analogous to someone that's actually innocent that's exonerated later possessing which is different than again the invalidations that were argued in both Lewis and Padilla so I'd like to reserve the rest of my time and unless the court has any questions on me right now thank you thank you good morning your honors may it please the court and counsel my name is Tim Roscoe I'm an assistant United States attorney for the District of Montana working out of the Missoula office it's a pleasure to be here this morning and Judge Pius and Judge Lamel I'd sort of like to jump into one of the last points that you made and it relates to the nature of the state Supreme Court's sort of to the credit of my colleague the shot across the bow notion of that opinion I think that's exactly right and I think the reason that that's important Judge Pius the way you captured their tone is it relates directly to Judge Lamel's point that it's really a technical violation they recite the facts in the case that the court heard testimony from the state district court from a law enforcement officer from two of Ms. Cantlin's neighbors and from the mental health professional that provided fairly detailed information about her mental health situation but none of those were included in the order and it was the courts point the Supreme Court's point to the lower courts to say we're not going to use the doctrine of implied findings to sort of save your bacon here you have to do a better job of putting detailed findings in the order and I think that is important if it's a gray area whether it's technical or really fundamental in nature or even on the merits if it's a gray area then what options do we have well I'm not sure ultimately it would make any difference because our position is the focus should clearly be temporal based on the Lewis and Padilla cases was Ms. Cantlin under an order of commitment at the time she possessed the firearm and I think that's where the language in Lewis discusses in great detail the breadth and scope of this statutory scheme and that it's the obligation of the individual to clear whatever that's not that she was under a commitment order it was she had been adjudicated or who has been committed to a mental institution yes that's correct your honor that she had at the time that she possessed the firearm she had been committed and at that they want that to be a temporal analysis that's what Lewis and Padilla really stand for notwithstanding the fact that those involved felony convictions as opposed to mental health adjudication so ultimately I don't think it would make any difference but it's important to the more technical than fundamental in our view I'm happy to take any other questions that the court has but you seem to have a very firm grasp of our arguments thank you very much your honors very briefly your honors I just conclude and say that this is a very unique case in terms of how it's happened it might not ever happen again the way we've had this case come before you in terms of the state Supreme Court reversing and then federal trial occurring and bring into where we are today and so I think that you can decide this case completely consistent with Lewis and Padilla when you consider the differences between the type of invalidation we have here which is a state Supreme Court erasing the commitment off the books it's like it never happened and then the foundation of these conviction is gone and to allow her to stand convicted of a federal felony based on that the district court judge that wrote the Mayfield opinion said something like it's an abdication of justice to let something like that stand and that's what I'd argue here I think you can decide it like I said on its unique facts and reverse the conviction on count to in favor of my client there's no further questions you had another argument as well but I don't yeah maybe briefly I touch on that your I did argue that count one should also be reversed due to the spillover prejudice from count to I outlined that extensively in my briefs okay and I would rely on those okay thank you honors yes you're welcome okay USB can't lunch I'll be submitted and we thank our counsel and hope you have a safe trip back home
judges: Gould, Paez, Lemelle